UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LINDANI MZEMBE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 3:22-CV-72-CCB<br>3:15-CR-87-CCB-SJF |

**OPINION AND ORDER**

Before the Court is Defendant Lindani Mzembe's Motion for Reconsideration filed on January 27, 2025. (ECF 560). On December 20, 2024, this Court considered and denied Mzembe's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("original § 2255 motion"). (ECF 560).

Just prior to his filing of this Motion for Reconsideration, Mzembe filed a notice of appeal regarding the original § 2255 motion. (ECF 557). Therefore, this Court stayed the Motion for Reconsideration pending the outcome of Mzembe's appeal of his denied § 2255 motion. (ECF 569). The Seventh Circuit has since denied Mzembe's appeal. *Mzembe v. United States*, No. 25-1063 (7th Cir. 2026). (ECF 14 at 1; 16 at 1). With no other appeal pending, Mzembe's Motion for Reconsideration is now ripe for review. Based on the applicable law, facts, and argument, Mzembe's Motion for Reconsideration will be denied.

## I. Background

In denying Mzembe's original § 2255 motion, the Court fully outlined the relevant facts of Mzembe's prosecution and sentencing. (*See* ECF 554). Thus, it is not necessary to repeat all the facts of Mzembe's underlying offenses and the lengthy procedural history of other motions. That said, the following facts and procedural history provide context for why the present motion is denied.

Between Mzembe's arrest in September 2015 and January 2016, the Government presented three plea offers to Mzembe through his first lawyer, David Jones, but each was declined. (ECF 590-1 at 1–2). On May 10, 2016, the Government extended a fourth offer to Mzembe through Mr. Jones, containing a 15-year capped plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (*Id.* at 2; 590-2 at 4–11; 556-1). The parties disagree as to whether that offer was communicated to Mzembe.

In May 2016, Mzembe filed a "Motion to Terminate Counsel's Services," complaining that Mr. Jones "denied [Mzembe's] requests" and had "no confidence" to "fight in this case." (ECF 111 at 1). After a hearing on June 1, 2016, Mr. Jones was relieved as Mzembe's counsel and David Wemhoff was appointed in his stead. (ECF 589; 115; 116; 117; 118). The parties also disagree as to whether Mr. Wemhoff communicated the 15-year capped plea offer to Mzembe. But in any event, the Government extended a fifth offer to Mzembe in August 2016, but that too was rejected. (ECF 590-2 at 2). Mzembe then proceeded to trial, where a jury found him guilty of kidnapping, demanding a ransom, discharging a firearm during a crime of violence, and being a felon in possession of a firearm. (ECF 200).

Mzembe and his co-defendants appealed their convictions to the Seventh Circuit, who vacated in part and remanded for resentencing. *United States v. Brazier*, 933 F.3d 796, 798–99, 805 (7th Cir. 2019). On February 11, 2020, eight days after resentencing, Mzembe's appellate counsel emailed the Government's attorney of record to request a "discovery file," but was rebuffed on the grounds that Mzembe filed a second notice of appeal, delaying any prospective post-conviction motion at the district court. (ECF 562-1 at 3–4). While the appeal was still pending, Mzembe filed a pro se "Motion to Compel Disclosure of Discovery Evidence" seeking "all discovery evidence" to assist him in preparing a § 2255 motion, which the Court denied. (ECF 464; 465). The Seventh Circuit later affirmed Mzembe's sentence on November 9, 2020, and no further appeal was taken. *See United States v. Mzembe*, 979 F.3d 1169 (7th Cir. 2020).

Mzembe again filed a "Motion for Discovery" on June 21, 2021, seeking various documents pertaining to witness statements and the pre-trial investigation, but that motion was also denied for lack of good cause. (ECF 482; 483 at 1–2). Mzembe then filed the original § 2255 motion on January 24, 2022, alleging four ineffective assistance of counsel claims. (ECF 510). A month later, Mzembe filed a "Memorandum of Law in Support of Amended 28 U.S.C. Section 2255 Motion," which sought to add an additional four ineffective assistance of counsel claims to the original § 2255 motion. (ECF 518). On April 29, 2024, Mzembe filed a "Motion to Amend Mzembe's 2255 Petition to Vacate His Conviction and Sentence," that sought to add four more ineffective assistance of counsel claims. (ECF 538).

Between November 2023 and December 2024, Mzembe filed several additional motions seeking to obtain all discovery materials relating to his prosecution. (ECF 528; 544; 546; and 551). In October 2024, Mzembe also sent a letter to Mr. Wemhoff, requesting his case file. (ECF 562-1 at 6). A reply from Mr. Wemhoff to Mzembe shows that he sent the case file on or around November 30, 2024. (*Id.* at 11). The Court subsequently denied Mzembe's original § 2255 motion on December 20, 2024, rejecting each argument included in the original § 2255 motion and his February 2022 filing, while rejecting his April 2024 "Motion to Amend" as untimely. (ECF 554 at 24). In the same order, each of Mzembe's discovery-related motions were also denied. (*Id.*).

On December 30, 2024, the Court received an additional memorandum in support of Mzembe's original § 2255 motion, postmarked on December 26, 2024. (ECF 556). In the memorandum, Mzembe raised a new ineffective assistance of counsel claim, alleging neither of his counsels apprised him of the 15-year capped plea offer.[1] (*Id.* at 1–10).

On January 13, 2025, Mzembe filed a third notice of appeal, this time regarding the denial of his original § 2255 motion. (ECF 557). Thirteen days later, Mzembe filed

---

[1] Following Mzembe's original § 2255 Motion to Vacate, the Court directed the Government "to file a written response to the defendant's motion." (ECF 514). Before the Government filed its response, Mzembe filed his February 2022 "Memorandum of Law in Support of Amended 28 U.S.C. Section 2255 Motion," which the Court construed as a motion to amend. (ECF 518; *see* 554 at 5). The Government filed its response brief on May 13, 2022. Mzembe filed his reply brief on July 5, 2022, at which point, Mzembe's motion became ripe for review. Under Rule 15(a), a party may not amend its pleading without "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Mzembe sought neither before filing his April 2024 Motion to Amend or his "Memorandum of Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255." Thus, the Court was not on notice that any other claims were forthcoming, nor were such claims timely when filed. And as such, the Court was well within its discretion to issue an opinion on the original § 2255 motion on December 20, 2024.

the present Motion for Reconsideration, which included the new ineffective assistance of counsel claim regarding the 15-year capped plea offer, along with other substantive arguments regarding discovery and the sufficiency of the evidence for his convictions. (ECF 560).

On October 14, 2025, the Court issued a text-only order staying the Motion for Reconsideration while his latest appeal was pending. (ECF 569). The Seventh Circuit denied Mzembe a certificate of appealability on March 24, 2026, and denied his petition for rehearing en banc on June 2, 2026. *Mzembe*, No. 25-1063 (7th Cir. 2026). (ECF 14 at 1; 16 at 1). With that, Mzembe's Motion for Reconsideration became ripe for briefing and review. (ECF 581).

## II. LEGAL STANDARD

28 U.S.C. § 2255 permits a prisoner to challenge his incarceration on the grounds that his sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Though not expressly authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit and this district permit motions for reconsideration as a variant Rule 59(e) motion. *See United States v. Carraway*, 478 F.3d 845, 847–49 (7th Cir. 2007) (recognizing the validity of motions for reconsideration at the district court and subsequent appeals provided a certificate of appealability is obtained); *Smith v. United States*, Nos. 3:13–CV–475 RM, 3:10–CR–107 RM, 2014 WL 4437306, at *1 (N.D. Ind. 2014).

Under Rule 59(e), a movant may prevail on a motion to vacate, amend, or otherwise alter a judgment provided they can point to "a manifest error of law"

committed by the trial court or "present newly discovered evidence" to justify the requested relief. Fed. R. Civ. P. 59(e); *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). But such relief is limited to the extent that Rule 59(e) motions may not be used to "'rehash' previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). In other words, Rule 59(e) motions may not simply "advance arguments or theories that could and should have been made before the district court rendered a judgment." *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007).

Similarly, movants for reconsideration may not "introduce evidence that could have been presented earlier." *Egonmwan v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 845, 852 (7th Cir. 2010). But ultimately, district courts retain considerable discretion when ruling on motions for reconsideration. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

## III. ANALYSIS

Mzembe raises four principal contentions in support of the instant motion: (1) the denial of discovery evidence rendered his original § 2255 motion deficient, (2) Mzembe received ineffective assistance of counsel by his lawyers' failure to communicate a plea agreement to him, (3) Mzembe suffered prejudice by the admission of the cell phone video during trial, and (4) the Government's evidence presented at trial was insufficient to support his convictions as to felon in possession of a firearm, demanding a ransom, and kidnapping. (ECF 560 at 2–8).

**A. Discovery**

Mzembe argues that this Court erred in denying his original § 2255 motion (ECF 510), along with his collective motions to amend (ECF 518; 538) on grounds that he failed to show "why the additional claims [included in the motion to amend] could not have been raised earlier." (ECF 560 at 3). Mzembe contends that he should not be faulted for failing to include those claims in his original § 2255 motion as they were "based on information" that was only available via discovery. (*Id.*).

Mzembe's argument presents two insurmountable issues. First, a "habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). That said, the Rules Governing § 2255 Proceedings state that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." R. Gov. Sec. 2255 Proc. 6(a). In its order denying Mzembe's various discovery-related motions, the Court explicitly examined this rule and held that the allegations presented in Mzembe's various motions did not present good cause to warrant discovery. (ECF 554 at 23). Nothing in the instant motion presents more facts that convince the Court that it erred in denying Mzembe's earlier requests for discovery. Thus, Mzembe's instant motion fails as to this ground.

Second, even if Mzembe was entitled to discovery at the outset, it is not clear that the case file or other discovery evidence were necessary to strengthen his original § 2255 motion or apprise Mzembe of the plausibility of other claims. Indeed, both attempts to

amend the original § 2255 motion and raise additional claims occurred before Mzembe received any material from Mr. Wemhoff. Therefore, this Court's reasoning that Mzembe did not show "why th[ose] additional claims could not have been raised earlier" remains sound and warrants no reconsideration. (ECF 554 at 8).

### B. Ineffective Assistance of Counsel

Mzembe alleges that both of his pre-conviction counsels failed to communicate the existence of a 15-year capped plea offer and that such a failure violated his Sixth Amendment right to counsel. (ECF 560 at 4–5). Mzembe seems to employ similar reasoning as to why his newly raised ineffective assistance of counsel claim could not have been raised in his initial § 2255 motion. Mzembe argues that discovery evidence, withheld collectively by the Government, former trial counsel, and by this Court's orders, prevented him from learning of the plea agreement's existence. (*Id.*).

The distinction between this argument and Mzembe's earlier attempt to tack on additional ineffective assistance of counsel claims is that, unlike his prior filings, Mzembe's latest claim directly followed his receipt of the case file from Mr. Wemhoff, offering some plausibility to the assertion that his motion for reconsideration is based on new evidence that was unavailable at the time of his original § 2255 motion.[2] *See Harrington*, 433 F.3d at 546. But more importantly, assuming the allegations are true,

[2] The Government counters by noting Mzembe's significant delay in requesting the case file from Mr. Wemhoff and that "[a]llowing… additional claims this late in the proceedings" risks "extend[ing] litigation unnecessarily." (ECF 591 at 15–16). As the Supreme Court has stated, Rule 59(e)'s interests are rooted in "speedy disposition and finality." *Banister v. Davis*, 590 U.S. 504, 515 (2020). Though *Banister* says nothing regarding a self-inflicted delay in obtaining new information giving rise to more claims, the interests of "reducing delay, conserving judicial resources, and promoting finality" in federal habeas proceedings would be frustrated by allowing an additional claim.

Mr. Jones and Mr. Wemhoff's failure to apprise Mzembe of a plea agreement from the government would present a prima facie case for ineffective assistance of counsel. *Johnson v. Duckworth*, 793 F.2d 898, 902 (7th Cir. 1986).

But the evidence before the Court does not support the claim. As outlined in the Court's original denial, a petitioner succeeds on an ineffective assistance of counsel claim where he can demonstrate (1) his attorney's performance fell below an "objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). The petitioner bears the burden of satisfying both *Strickland* prongs, and if either prong is deficient, there is no need to evaluate the other prong of the test. *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993) ("A defendant's failure to satisfy either prong is fatal to his claim."). But even where a defendant can assert such facts, they must also overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Rodriguez*, 53 F.3d 1439, 1448 (7th Cir. 1995) (internal quotations omitted).

In the context of plea bargaining, "criminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution, and . . . failure to do so constitutes ineffective assistance of counsel under the sixth [sic] and fourteenth [sic] amendments." *Johnson*, 793 F.2d at 902. This duty includes involving the defendant "in the decision-making process regarding the agreement's ultimate acceptance or rejection" as opposed to "merely being informed" of the agreement's existence. *Id.* That

said, where an offer remains in existence between substitution of counsel, "subsequent counsel" is not obligated to "press a plea offer on a defendant who has already rejected any such offer—nor is it per se prejudice for failing to do so." *Groves v. United States*, 755 F.3d 588, 592 (7th Cir. 2014).

The record shows that Mzembe was repeatedly informed of and urged to accept the 15-year capped plea agreement. Mr. Jones stated in his declaration to the Court that he presented the offer to Mzembe the day after receiving it from the Government, urged Mzembe to accept the offer, and customarily signed the offer to signal his recommendation. (ECF 590-1 at 2, 556 at 10–17). Mr. Jones then visited Mzembe a second time and again advised him to accept the offer. (ECF 590-1 at 2). Billing records, emails, and letters referencing the offer provided by Mr. Jones corroborate his declaration. (*Id.* at 8, 12–13, 15).

Similarly, Mr. Wemhoff affirmed in his declaration to the Court that Mr. Jones informed him of the 15-year plea offer after the appointment as substitute counsel. (ECF 590-2 at 1–2). Mr. Wemhoff stated he visited with Mzembe on four occasions between June and July of 2016, told him that the 15-year capped plea offer remained open, and "recommended he take the plea," but Mzembe repeatedly rejected the offer. (*Id.* at 2). Mr. Wemhoff also stated Mzembe rejected a different plea offer in August 2016, just before proceeding to trial. (*Id.*).

As the Government notes in its brief, other "contemporaneous evidence" corroborates Mr. Jones's and Mr. Wemhoff's respective declarations, including an interaction between Mr. Jones, Mzembe, and the Court during a hearing on Mzembe's

"Motion to Terminate Counsel" in June 2016, while the 15-year plea offer remained open. (ECF 589). During that hearing, Mzembe described, while under oath, Mr. Jones's "pressure" to accept a plea offer and his dissatisfaction with Mr. Jones' insistence that he would "lose" if he proceeded to trial. (*Id.* at 4–11).

These statements, made under oath, make clear that Mzembe was informed of the 15-year capped plea offer by both Mr. Jones and Mr. Wemhoff. Mr. Wemhoff's repeated conversations with Mzembe ensured that he remained informed of the plea offer beyond what was deemed unnecessary in *Groves*. 755 F.3d at 592. The fact that Mzembe proceeded to trial is further confirmation that counsel prioritized his preferences "in the decision-making process" above their professional opinions. *Johnson*, 793 F.2d at 902. Thus, Mzembe's latest claim fails to satisfy *Strickland*'s "performance" prong. 466 U.S. at 687–88. As a result, any examination as to prejudice is unnecessary. *Ebbole*, 8 F.3d at 533.

### C. Admission of the Cell Phone Video and the Sufficiency of Evidence

The final two arguments fall under the same legal standard and will be assessed together. Mzembe urges this Court to reconsider the prejudicial effects inflicted at trial by the cell phone video of Mzembe sleeping next to a firearm days before the kidnapping. (ECF 560 at 5–7). Mzembe also asks this Court to reevaluate the sufficiency of the evidence as to his convictions of felon in possession of a firearm, demanding a ransom, and kidnapping. (*Id.* at 5–9). In his original § 2255 motion, Mzembe argued that his counsel was ineffective by failing to adequately challenge the video's admissibility

and failing to challenge the sufficiency of the evidence as to his felon in possession of a firearm and ransom charges. (*See generally,* ECF 510).

Now, Mzembe forsakes all reference to ineffective assistance of counsel as to these charges, adds other objections to the kidnapping conviction, and launches a substantive attack against the sufficiency of the evidence itself, not the adequacy of his representation. (ECF 560 at 5–9). Though presented as a motion for reconsideration under Rule 59(e), Mzembe's arguments on these issues are closer to a motion for a judgment of acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure. Under Rule 29(c), a defendant may move, after a jury's verdict or discharge, "for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1).

Such substantive arguments, in addition to their obvious time bar, belong in a brief within the proper appellate process, a process that has long since concluded, and are not permitted within motions for reconsideration under Rule 59(e) in the context of § 2255. *See Agofsky v. Baysore*, 160 F.4th 857, 859 (7th Cir. 2025) (holding § 2255 is limited to constitutional challenges to a conviction based on new evidence or retroactive constitutional rules from the Supreme Court). Thus, the Court will not rule on their merits.

## IV. CONCLUSION

For the reasons stated above, Mzembe's Motion for Reconsideration is **DENIED.** (ECF 560).

SO ORDERED on September 21, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT